**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-12624-KHT |
| DNC and TCPA LIST SANITIZER, LLC | ) | |
| | ) | Chapter 11 |
| Debtor | ) | |

| | | |
|---|---|---|
| MICHAEL O'HARE, | ) | |
| Plaintiff, | ) | Adv. Proceeding No. 25-1124-KHT |
| v. | ) | |
| ADAM YOUNG, an individual; And RINGBA, LLC, a Delaware limited liability company | ) | |
| Defendants. | ) | |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE ON DEBTOR AND MICHAEL O'HARE'S COMPLAINT FOR A PRELIMINARY INJUNCTION AND FOR DECLARATORY AND INJUNCTIVE RELIEF**

Upon the request of DNC and TCPA List Sanitizer, LLC, the Debtor-in-Possession, ("TCPA" or "Debtor") and Michael O'Hare, as its principal, for a temporary restraining order (the "TRO Request"), and the Court having considered the Complaint (the "Complaint") filed herein, the Debtor's Memorandum of Law in support of its motion for a temporary restraining order and for declaratory and injunctive relief, and the arguments made to the Court on ______, 2025, and the

Debtor having demonstrated immediate and irreparable harm if the TRO Request is not granted, including the potential risk that the Debtor has accrued and will continue to accrue an ongoing indemnification obligation and the risk that the Contempt Litigation in Colorado State Court could harm the Debtor's reorganization process by delaying the reorganization process by creating uncertainty as the amount of the administrative claim and dedicating assets of the Debtor's estate and that a judgment against the Mr. O'Hare will be tantamount to a finding against the Debtor and good cause having been shown, it is hereby

ORDERED that Adam Young and Ringba, LLC (collectively, "Ringba") shall SHOW CAUSE at a hearing before the Honorable Kimberly H. Tyson, United States Bankruptcy Judge of the United States Bankruptcy Court Denver Colorado on _____, 2025 (the "Hearing") at _____:____ ___.m., or as soon thereafter as counsel may be heard, why a preliminary injunction should not be entered pursuant to 11 U.S.C. §105(a), Rule 65 of the Federal Rules of Civil Procedure, and Bankruptcy Rule 7065 (the "Preliminary Injunction"), preliminarily enjoining Ringba from continuing the Contempt Litigation in the Colorado State Court against Michael O'Hare; and it is further

ORDERED that, pursuant to 11 U.S.C. §105(a), Rule 65 of the Federal Rules of Civil Procedure, and Bankruptcy Rule 7065, pending the Court's ruling on the Preliminary Injunction, Ringba is temporarily restrained from the continued prosecution of the Contempt Litigation against Mr. O'Hare; and it is further

ORDERED that nothing contained herein shall modify or affect the automatic stay, pursuant to 11 U.S.C. §362, which, among other things, stays the prosecution of the State Court Action against the Debtor; and it is further

ORDERED that, pursuant to Bankruptcy Rule 7065, the Debtor shall not be required to post any form of security as a condition to the Court's entry of this Order or, should the Court so rule, of the granting of the Preliminary Injunction; and it is further

ORDERED that a copy of this Order and all papers filed by the Debtor in support of the Debtor's motion for a Preliminary Injunction shall be served by hand delivery, email or overnight delivery upon (a) the Office of the United States Trustee, and (b) the attorneys for Ringba, and it is further

ORDERED that objections, if any, to continuation of this temporary restraining order or to the granting of a preliminary injunction as requested must be made in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Colorado, shall set forth the basis for the objection and the specific grounds therefore, and shall be filed with the Court, together with proof of service thereof, and shall be served in a manner so as to be received by counsel for the Debtor no later than ____, 2025.

BY THE COURT:

______________________________
Honorable Kimberly H. Tyson
United States Bankruptcy Court Judge