**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>DNC and TCPA LIST SANITIZER, LLC,<br><br>    Debtor. | Case No. 24-12624 KHT<br><br>Chapter 11 |
| DNC and TCPA LIST SANITIZER, LLC and MICHAEL O'HARE,<br><br>    Plaintiffs,<br><br>v.<br><br>RINGBA, LLC and ADAM YOUNG,<br><br>    Defendant. | Adversary No. 25-01124 KHT |

**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**

THIS MATTER comes before the Court on the *Motion of DNC and TCPA List Sanitizer, LLC and Michael O'Hare for a Temporary Restraining Order and for Declaratory and Injunctive Relief* (the "Motion," docket #3), filed by the Plaintiffs, Debtor DNC and TCPA List Sanitizer, LLC, and its principal, Michael O'Hare (together, the "Plaintiffs"). The Motion requests a temporary restraining order ("TRO") and other relief.

TROs are governed by Fed. R. Civ. P. 65(b), incorporated in adversary proceedings by Fed. R. Bankr. P. 7065. Rule 65(b) provides, in relevant part, as follows:

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe

    the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3)     Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

Fed. R. Civ. P. 65(b). Here, Plaintiffs have not complied with the requirements to obtain a TRO. Specifically, their complaint is not verified, and they have not provided an affidavit. They have not set forth specific facts clearly showing an immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition. Their attorneys have not certified in writing any efforts made to give notice and the reasons why it should not be required. The Court will therefore deny the request for TRO.

    Accordingly, it is

    HEREBY ORDERED that the Motion is DENIED IN PART, to the extent it requests a TRO.

Dated April 14, 2025

BY THE COURT:

*[signature]*
Kimberley H. Tyson
United States Bankruptcy Judge